UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

*Electronically Filed*

| | |
|---|---|
| MICHAEL LUNDERT ) | |
| ) | Civil Action No. 3:23-CV-338-GNS |
| PLAINTIFF ) | |
| ) | |
| MITSUI SUMITOMO INSURANCE ) | |
| USA INC. ) | |
| ) | |
| INTERVENING PLAINTIFF ) | |
| ) | |
| v. ) | |
| ) | |
| WERNER ENTERPRISES, INC. ) | |
| ) | |
| DEFENDANT ) | |
| _____ ) | |

### **INTERVENING COMPLAINT**

\*\* \*\* \*\* \*\*

Comes Intervening Plaintiff, Mitsui Sumitomo Insurance USA Inc., by counsel, and for its Intervening Complaint, states as follows:

1. Upon information and belief, Plaintiff, Michael Lundert (hereinafter referred to as "Plaintiff"), was at all times relevant hereto, a resident of Louisville, Jefferson County, Kentucky, and was acting within the scope of his employment with Goodman Global Group/Daikin Comfort Technologies.

2. Upon information and belief, Intervening Plaintiff, Mitsui Sumitomo Insurance USA Inc., (hereinafter referred to as "Intervening Plaintiff") was at all times relevant hereto, a foreign corporation with its principal office at 15 Independence Blvd, Warren, New Jersey,

07059, licensed to do business in the Commonwealth of Kentucky, and was the workers' compensation insurance carrier for Goodman Global Group/Daikin Comfort Technologies.

3. Upon information and belief, Defendant, Werner Enterprises (hereinafter referred to as "Defendant"), was at all times relevant hereto, a Nebraska corporation transacting business in Kentucky.

4. Intervening Plaintiff adopts, by reference, the allegations contained in Plaintiff's Complaint against Defendant as though fully copied herein.

5. As a result of incident on June 20, 2022, Intervening Plaintiff became liable to pay workers' compensation benefits for Plaintiff's injuries and disabilities under KRS 342, the Kentucky Workers' Compensation statute.

6. Intervening Plaintiff has paid to or on behalf of Plaintiff at least $37,113.17 in medical benefits and $9,659.41 in indemnity benefits (lost wages/temporary impairment/permanent impairment/loss of capacity to earn). Further, Intervening Plaintiff continues to pay additional indemnity and/or medical benefits to or on behalf of Plaintiff and may be required to pay additional indemnity and/or medical benefits in the future. The injuries, effects and damages, if any, which are the basis of Plaintiff's workers' compensation claim are the same injuries, effects and damages which are the basis of the Complaint Plaintiff filed against Defendant. These elements of damages are all recoverable under KRS 342.700.

7. The representation of Intervening Plaintiff's interests by the existing parties to this action is, or may be, inadequate and Intervening Plaintiff will, or may be, bound by any judgment in this action.

WHEREFORE, Intervening Plaintiff, Mitsui Sumitomo Insurance USA Inc., by counsel,

hereby demands as follows:

A. That Intervening Plaintiff be subrogated to the rights of Plaintiff to recover from Defendant the sums which it has paid and/or will pay on behalf of Plaintiff under the applicable workers' compensation law and the relevant insurance contracts or agreement;

B. That Intervening Plaintiff be granted judgment against the Defendant for the amounts it has paid and/or will pay in workers' compensation benefits;

C. Intervening Plaintiff's costs herein expended including a reasonable attorney's fee; and,

D. Any and all other relief to which Intervening Plaintiff may be legally or equitably entitled.

Respectfully submitted,

U'SELLIS MAYER & ASSOCIATES, PSC

/s/ Kate Carpenter Mann
Kate Carpenter Mann, Esq.
100 Mallard Creek Road, Suite 110
Louisville, KY 40207
kcarpenter@umakylaw.com
(502) 736-3600
(502) 736-3606 fax
*Counsel for Intervening Plaintiff*